SUCESIÓN MAISONAVE *v.* MAISONAVE ET AL.

APELACIÓN procedente de la Corte de Distrito de Aguadilla.

No. 130.—Resuelto en diciembre 5, 1907.

REIVINDICACIÓN—CUESTIONES DE HECHO.—Las cuestiones referentes á la identidad de las cosas que se tratan de reivindicar, á la posesión de las mismas, y á su buena ó mala fe, así como las de conocimiento, asentimiento ú oposición de un litigante respecto á los actos realizados por el otro, son de puro hecho.

APELACIÓN—DECISIÓN CONTRARIA Á LAS PRUEBAS.—La cuestión referente á si la decisión está ó no justificada por el resultado de las pruebas practicadas en el juicio, no podrá discutirse en la apelación, en los casos en que ésta no se hubiere interpuesto dentro de los quince días siguientes al pronunciamiento de la sentencia.

OBLIGACIONES—CONTRATOS—DOCUMENTO PÚBLICO.—Aunque los contratos son obligatorios, cualquiera que sea la forma en que se hayan celebrado, con tal que en ellos concurran las condiciones necesarias para darles validez, esto se entiende siempre entre las partes contratantes.

ID.—REIVINDICACIÓN—TERCEROS.—Aun aceptando la doctrina liberalísima de que un contrato consignado en documento privado, antes de ser elevado á escritura pública, pueda afectar á los que no hubieran intervenido en él, si éstos no hacen derivar su acción de algún título más privilegiado, ó porque hallándose inscrito en el Registro, pueda obstar la inscripción á la eficacia del contrato respecto de terceros, siempre ocurriría que el título de herencia que se hace derivar, en el caso de autos, de una partición extrajudicial no puede perjudicar al poseedor que ostente en su favor un título de compra-venta inscrito en el registro.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Franco Soto.*

Abogado del apelado: *Sr. Reichard.*

EL JUEZ ASOCIADO SR. FIGUERAS, emitió la opinión del tribunal.

Funda su acción la sucesión demandante que la componen los individuos que se expresan en el encabezamiento de la demanda, en un testamento ológrafo, que forma parte de la misma, otorgado por su padre Don Andrés Natalio Maisonave, en 30 de mayo de 1898, cuyo testamento, muerto este testador, fué aprobado y declarado como tal, y protocolado en la Notaría de Don Juan Mercader y Rodríguez, residente en Aguadilla, y en el cual aparecen instituídos herederos sus hijos los demandantes, hace el inventario, avalúo, liquidación y participación de sus bienes, y entre otros, les adjudica, en forma proindivisa y por partes iguales, un predio de terreno de veinte cuerdas, poco más ó menos, radicado en el término municipal de Moca, cuyas colindancias se determinan, y á pesar de que en el referido testamento expresa el testador Don Andrés Natalio Maisonave que no heredó ni un sólo céntimo de su padre Don Luis del propio apellido, por cuya razón también adjudica aquél á sus herederos las acciones que tienen á la liquidación de los bienes correspondientes á la testamentaría de éste, esto no obstante, en la demanda se expresa que la finca de que se ha hecho mérito y que es la que ahora se trata de reivindicar, la adquirió el testador causante de la sucesión demandante por herencia de su padre Don Luis, adjudicándosele á aquél en una partición que de común acuerdo hicieron los herederos de éste, si bien Don Andrés Natalio Maisonave la venía poseyendo y satifaciendo las contribuciones hasta el año 1898 y muerto éste las satisfacían sus herederos, hoy los demandantes, hasta el año de 1900.

Siguen los demandantes expresando en su demanda que el demandado Julián Maisonave y Rosa, sin título alguno jurídico, promovió un expediente posesorio de la finca en cuestión, en el año 1899, y la inscribió á su nombre en el registro de la propiedad, y más tarde, en 27 de febrero de 1901, la vendió al otro demandado, Nicolás Pérez, quien á su vez inscribió su posesión.

Con esos antecedentes, sostienen que son dueños de esa finca y solicitan que se les entregue, que se declare nula la inscripción posesoria hecha á favor de Julián Maisonave, nula la venta é inscripción hecha á favor de Nicolás Pérez y que ámbos demandados les abonen mil dollars por daños y perjuicios, equivalentes á las rentas y frutos que ha debido producir la finca que se trata de reivindicar, desde el año de 1899, de cuya fecha arranca la mala fe en la posesión por parte de los demandados ya indicados, Julián Maisonave y Nicolás Pérez.

Contestan éstos la demanda y alegan que el testamento no constituye título alguno, aún en el caso de que la existencia de la finca á que se refiere y que es objeto de este litigio no fuera obra de la imaginación del testador, que nada han sabido nunca de la divisoria de los bienes relictos por Don Luis Maisonave, que jamás el causante de la sucesión demandante ha estado en posesión de la finca que hoy posee Pérez, ni que haya pagado nunca las contribuciones; que si los demandantes tienen alguna finca, no es la que hoy posee uno de los demandados por compra al otro, y no se explican cómo es que aquéllos dejaron de pagar las contribuciones, desde el año 1900, de una finca de que se titulan dueños sin expresar razón alguna al Gobierno; que el demandado Julián Maisonave promovió expediente posesorio de su finca, con su título legítimo, cuál es el de herencia de su padre, que esa finca es distinta en su cabida y colindancias de la que se describe en la demanda.

Con estas alegaciones, solicitan los demandados que se desestime la demanda y que se le impongan todas las costas á la sucesión demandante.

Celebrado el juicio y practicadas las pruebas propuestas, el juez de la corte de Aguadilla dictó sentencia en 5 de febrero de 1907 y mandó que se registrase, pero no consta que se haya registrado, y nosotros debemos presumir que se cumplió con este requisito dentro de las veinte y cuatro horas de haberse dictado, según lo dispone el artículo 227 del Código de Enjuiciamiento Civil.

En la decisión pronunciada en 4 de febrero de 1907, se establecen conclusiones de ley y entra el juez en consideraciones sobre el título en que se funda la sucesión demandanté, el cual no le parece bueno, y si bien reconoce que un tal José Echavarría hizo la divisoria privada de los bienes de Don Luis Maisonave, en el año de 1896, ó sea dos años antes del otorgamiento del testamento ológrafo por Don Andrés Natalio Maisonave, esa divisoria afirma que no se consignó en documento de ninguna clase, y deduce de ahí que no tiene valor alguno, porque el artículo 1280 del Código Civil antiguo que corresponde al 1247 del Revisado, dice:

"Que deben constar en documento público:

"1º. Los actos y contratos que tengan por objeto la creación, transmisión, modificación ó extinción de derechos reales sobre bienes inmuebles."

Sigue el juez considerando las circunstancias de que en el testamento no se hace referencia alguna á esa divisoria que estima ineficaz, ni la de que no exprese en él de quién hubo la finca que adjudica el testador á sus hijos, y fija la atención también en el acto de que, habiendo manifestado el testador que nada heredó de su padre, Don Luis, afirmen los demandantes que la finca la hubo aquél por herencia de éste; y de todo lo expuesto deduce que con un título como el aludido testamento de Don Andrés Natalio Maisonave, cuyo señor forma una misma persona con sus hijos los demandantes, en ésta acción, no puede en modo alguno aceptarse la prueba de una propiedad real, ó de un dominio como el que se reclama, como tampoco que se ha identificado el terreno reclamado con ese título, que no es suficiente ni para desposeer á quien tiene inscrita su posesión, ni para anular la venta hecha por Julián Maisonave á Nicolás Pérez en mayor número de cuerdas, hace más de cinco años, ni tampoco tiene derecho la sucesión demandante á una indemnización por utilidad ó frutos de una finca, cuyo título no es eficaz.

Y por todo esto, el juez desestima las pretensiones de la demanda y condena á la sucesión demandante al pago de todas las costas.

Contra la sentencia se interpuso recurso de apelación, con fecha 4 de marzo de 1907, es decir, casi al mes de haberse dictado.

Se ha presentado ante esta Corte Suprema una exposición del caso, aprobada por el Juez de la Corte de Aguadilla.

Ahora bien. Es doctrina constante establecida por el Tribunal Supremo de España, al referirse al artículo 348, que trata de la propiedad en general y que es semejante al 354 del Código Civil Revisado, que las cuestiones de identidad de las cosas que se tratan de reivindicar, de posesión y su buena ó mala fe, y de conocimiento, asentimiento ú oposición de un litigante respecto á los actos realizados por el otro, son de puro hecho.

Siendo esto así, tenemos que deducir que, en lo general, esta apelación se ha establecido porque se supone que la decisión está en desacuerdo con la prueba, y demuestra este aserto el hecho de someter á nuestra consideración una exposición del caso, para que nosotros restablezcamos, á ser posible, el estado de derecho creado por esa prueba que el juez examinó y apreció erróneamente en sentir de la parte apelante.

Pero nosotros no podemos examinar siquiera esa prueba porque la apelación se estableció fuera del término que para este caso exige la ley.

El artículo 295 del Código de Enjuiciamiento Civil, al tratar de los casos en que puede apelarse, dice:

"1º. . . . . . . . . . . . . . . . . .

"Pero de una excepción á la decisión ·ó veredicto de un jurado, fundada en que está en desacuerdo con la prueba, no podrá revisarse, por virtud de apelación contra la sentencia, á menos que se interponga dentro de los quince días después de dictada dicha sentencia."

Es así, que como hemos dicho antes, la apelación se estableció casi al mes despúes de dictada la sentencia, luego no podemos en este caso revisar la decisión.

Esta disposición legal tiene su precedente y á él vamos á acudir para que se proyecte más luz sobre este punto.

El artículo 295, ya citado, no difiere del 939 del Código de Enjuiciamiento Civil del Estado de California, sino en que en el último, el término para apelar en este caso, es de sesenta días, y en el nuestro es de quince días, término quizás, con razón, limitado por nuestra Legislatura.

Veamos ahora cómo se ha interpretado ese artículo 939 por el Tribunal Supremo de California.

En 1874 dijo:

"El recurso de apelación contra la sentencia, no fué interpuesto dentro de sesenta días despúes de haberse dictado dicha sentencia; y, con arreglo á la sección 939 del Código de Enjuiciamiento Civil, no podemos, en virtud de esta apelación, revisar la decisión por el fundamento de que no esté de acuerdo con la prueba."

*Clark* v. *Gridley,* 49 Cal., 108.

En 1881 se fijó esta regla por el mismo tribunal en el caso de *Handley* v. *Figg* que se halla referido en 58 Cal. en las páginas 580 y 581.

Y de nuevo otra vez se estableció idéntica doctrina en el caso de *Painter* v. *Painter,* relatado en 113 Cal., páginas 374 y 375.

De modo que no cabe duda alguna de que ésta es la regla fija, constantemente aplicada, y como debida interpretación al artículo 939 del Código de Enjuiciamiento Civil del Estado de California, que, como hemos dicho antes, sólo difiere del nuestro en la diferencia del término para apelar en estos casos.

Pero cuando la ley es clara, como lo es la nuestra en este respecto que examinamos, se impone pronto un criterio jurídico, y por eso este Tribunal Supremo ya había fijado esta misma doctrina en el caso de *Rafael Valentín Román* v. *The*

*American Railroad Co. of Porto Rico,* fallado en 29 de enero de 1906, con la opinión del Juez Sr. MacLeary.

Allí dijimos:

"Una apelación interpuesta bajo el fundamento de que la decisión de la corte no está de acuerdo con la prueba practicada en el juicio, no puede ser considerada si no se hubiese interpuesto dentro de quince días después de dictada la sentencia."

Puede verse en el tomo 3º., folleto número 1º., página 31, sumario número 6, sobre "Decisiones del Tribunal Supremo de Puerto Rico," publicado por el secretario del mismo, Don Antonio F. Castro.

Aquí terminaríamos este dictamen con la afirmación de que la sentencia apelada debe confirmarse, pero la parte apelante en su alegato se ocupa de alguna cuestión de derecho, en cuya apreciación, dice, que se ha cometido error por el Juez de la Corte de Aguadilla.

En primer lugar, el testamento de Don Andrés Natalio Maisonave, padre de los individuos componentes de la sucesión demandante, no es por sí solo título demostrativo del bien inmueble que se reclama.   La prueba quizás ha podido demostrarlo, pero á esta conclusión no puede llegarse.   Ya hemos expresado la razón que nos impide examinar y apreciar esa prueba.

Dice la parte apelante en su alegato página 2, último apartado, que la partición extrajudicial es el fundamento capital de su demanda y, con ese motivo, contradiciendo lo que el juez expone sobre su ineficacia por no haberse consignado en documento público, trae á colación el artículo 1245 del Código Civil Revisado, equivalente al 1278 del anterior.

"Es verdad que los contratos son obligatorios cualquiera que sea la forma en que se hayan celebrado, siempre que en ellos concurran las condiciones esenciales para su validez."

Pero esto se ha entendido siempre entre las partes contratantes y no sabemos si los demandados intervinieron en esa partición extrajudicial y si con ella estuvieron conformes. Esto se niega en la contestación y de la prueba nada podemos deducir por el motivo que ya hemos indicado.

Es cierto que la sentencia del Tribunal Supremo de España de 1º. de julio de 1901 dice:

"La prescripción del artículo 1279 del Código Civil (igual al 1246 del Revisado), no desvirtúa en nada la fuerza obligatoria de los contratos que las partes celebren, cualquiera que sea la forma en que lo hagan; ni su plena eficacia cuando los cumplimentan aún antes de elevar á escritura pública aquéllos para los que la ley exige este requisito, creándose así un estado de derecho que no puede menos de efectar á los que no intervienen en tales contratos, si estos extraños no hacen derivar su acción de algún título más privilegiado por su naturaleza ó porque, hallándose inscrito en el Registro, pueda obstar la inscripción á la trascendencia del contrato respecto de tercera persona."

De modo que aún aceptando esta liberalísima doctrina, tenemos que ella perjudica las pretensiones de la sucesión demandante, porque Don Nicolás Pérez, que es uno de los demandados y actual poseedor de la finca, cuya reivindicación se interesa, es extraño y no interesado en cuanto á la partición extrajudicial de los bienes relictos por Don Luis Maisonave, ostenta en su favor un título de compra-venta y lo tiene inscrito en el registro de la propiedad, circunstancias estas dos que la demanda reconoce como hechos y en frente de esto, solo de contrario se alega un título de herencia que se hace derivar de una partición extrajudicial que la misma parte demandante y apelante confiesa que no se hizo constar en ninguna clase de documentos, y claro está que tampoco se inscribió en el registro correspondiente.

Vemos, pues, que la cuestión de derecho planteada en el alegato del apelante, y que sostiene que es el fundamento capital de su demanda, cae por su base.

Otra cuestión de derecho parece que se insinúa, y es la de que la inscripción de la posesión no perjudica al que tenga mejor derecho á la propiedad del inmueble, aunque no tenga inscrito su título.  Pero aquí se hace supuesto de la cuestión, porque no podemos decir que la propiedad esté en favor de los demandantes, ni por el título en que la funda, ni por el resultado de la prueba, á cuyo análisis no podemos llegar, y así también cae este segundo punto de derecho, quedando así libre el criterio del juez sentenciador de este otro error que se le atribuye.

Es ocioso que tratemos de la prescripción adquisitiva por parte de los demandados que éstos no alegan y que sólo el apelante en su alegato considera y niega, ni tampoco de la identidad de la finca ni de la mala fe del actual poseedor Don Nicolás Pérez, porque todas estas son cuestiones de hecho, y por tanto, sometidas, para su apreciación, al resultado de la prueba, á cuya consideración no podemos llegar porque, como hemos dicho antes, nos lo veda la circunstancia ya tratada de haberse interpuesto esta apelación transcurridos ya con exceso los quince días que señala el artículo 295 del Código de Enjuiciamiento Civil para revisar una decisión impugnada por estar en desacuerdo con la prueba practicada en el juicio.

Por todas esas consideraciones llegamos á la conclusión de que la sentencia apelada, debe confirmarse en todas sus partes con las costas del recurso también á cargo de la parte apelante y demandante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente, Quiñones y Asociados, Hernández, MacLeary y Wolf.